## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30870-7-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH W. ATTOCKNIE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

BROWN, J.—The State appeals a pretrial decision allowing an alleged domestic violence victim, Michelle S. Attocknie, to invoke her Fifth Amendment privilege against self-incrimination and withhold incident details in the trial of her husband, Keith W. Attocknie, for second degree assault. The trial court declined to compel her testimony because the State refused to grant her immunity. Without addressing immunity or privilege, the State contends the trial court erred in rejecting its assurances on the record that it would not prosecute her if she testified. Considering the inadequacy of the State's briefing, we affirm without reaching the merits of its appeal.

## FACTS

Following an October 2011 domestic violence incident, the State charged Mr. Attocknie with second degree assault of Ms. Attocknie. The trial court ordered him not to contact her. Later, she successfully recalled the no contact order, stating he caused her no concern for her safety and she had previously asked the State to drop the charge against him. Pretrial, Ms. Attocknie next invoked her Fifth Amendment privilege against self-incrimination to avoid testifying at Mr. Attocknie's trial. Ms. Attocknie's attorney offered as proof that recounting the incident would require her to admit she acted as the aggressor and gave law enforcement inaccurate information, thereby exposing herself to certain charges. The State said on the record it did not intend to charge her with a crime. But the State refused to formally offer her immunity. The trial court ruled Ms. Attocknie could withhold incident details that would incriminate her. Upon the State's request, the trial court found this and other pretrial rulings excluding hearsay had "[t]he practical effect . . . to terminate the case." Clerk's Papers at 64. The State appealed.

## ANALYSIS

At the outset, we note the State appears to ask us to approve or effectuate its policy of not granting immunity to domestic violence victims who may later recant their complaints or refuse to assist in prosecuting those charged as a result of those complaints. We, like the trial court, may not take sides on policy disputes or carry out trial tactics reflecting potentially coercive policy decisions. The State's briefing does not broach the necessary legal doctrines of testimonial or transactional immunity and Fifth Amendment privilege as applied to these facts. Without authority, it argues the trial

2

court should have accepted the nonprosecution assurance the State gave on the record and ruled Ms. Attocknie had nothing to fear from testifying.

In light of the above, the dispositive issue is whether, considering the inadequacy of the State's briefing, we can effectively reach the merits of its appeal. The argument section of an appellate brief should contain "citations to legal authority and references to relevant parts of the record," as well as "a concise statement of the standard of review as to each issue." RAP 10.3(a)(6). "Without adequate, cogent argument and briefing, this court should not consider an issue on appeal." *Schmidt v. Cornerstone Invs., Inc.*, 115 Wn.2d 148, 160, 795 P.2d 1143 (1990) (citing *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 345, 779 P.2d 249 (1989)).

Here, the State's brief generally denigrates Ms. Attocknie's invocation of her constitutional right, trivializes the trial court's reasoning, and hyperbolizes the decision's effect. The argument section, spanning three and one-half pages, cites legal authority twice and the record once, but does so without identifying the applicable review standard. We consider solely argument supported by proper citation.

First, the State cites *State v. Hobble*, 126 Wn.2d 283, 892 P.2d 85 (1995), merely to note without analysis that the trial court relied on it. Br. of Appellant at 6. Second, the State cites the hearing transcript to argue, "The State stated quite clearly and firmly that it was not going to pursue criminal charges against Ms. Attocknie." Br. of Appellant at 6. Finally, the State supplies a lengthy quotation regarding separation of powers from *State v. Rice*, 174 Wn.2d 884, 279 P.3d 849 (2012), then argues, "The trial court

3

No. 30870-7-III
*State v. Attocknie*

overstepped its authority by essentially forcing the State to grant an immunity to Ms. Attocknie or forgo her testimony." Br. of Appellant at 6.

Taken together, these portions of the argument present insufficient grounds upon which we may meaningfully review the trial court's decision. Considering the inadequacy of the State's briefing, we do not reach the merits. Even if we reviewed the merits on this briefing, we could solely conclude the State is not entitled to reversal because it fails to show how the trial court abused its discretion. *See Hobble*, 126 Wn.2d at 290-91. The State ignores the coercive effect of not granting immunity.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, A.C.J.

Kulik, J.

4

*Renee S. Townsley*
*Clerk/Administrator*

*(509) 456-3082*
*TDD #1-800-833-6388*

# The Court of Appeals
## of the
## State of Washington
### Division III

*500 N Cedar ST*
*Spokane, WA 99201-1905*

*Fax (509) 456-4288*
*http://www.courts.wa.gov/courts*



September 17, 2013

**E-mail**
Mark Erik Lindsey
Andrew J. Metts, III
Spokane County Pros Offc
1100 W Mallon Ave
Spokane, WA   99260-0270
Kowens@spokanecounty.org

Keith Willis Attocknie
15115 E. 26th Ave.
Veradale, WA   99037

CASE # 308707-III
State of Washington v. Keith Willis Attocknie
SPOKANE COUNTY SUPERIOR COURT No. 111033989

Dear Counsel and Mr. Attocknie:

Enclosed please find a copy of the opinion filed by the Court today.

A party need not file a motion for reconsideration as a prerequisite to discretionary review by the Supreme Court.   RAP 13.3(b); 13.4(a).   If a motion for reconsideration is filed, it should state with particularity the points of law or fact which the moving party contends the court has overlooked or misapprehended, together with a brief argument on the points raised.   RAP 12.4(c).   Motions for reconsideration which merely reargue the case should not be filed.

Motions for reconsideration, if any, must be filed within twenty (20) days after the filing of the opinion.   Please file an original and two copies of the motion.   If no motion for reconsideration is filed, any petition for review to the Supreme Court must be filed in this court within thirty (30) days after the filing of this opinion (may be filed by electronic facsimile transmission).   The motion for reconsideration and petition for review must be received (not mailed) on or before the dates they are due.   RAP 18.5(c).

Sincerely,

Renee S. Townsley
Clerk/Administrator

RST:mlk
Attach.
c: **E-mail**—Hon. Maryann Moreno